| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | HEARING DATE: March 26, 2009 |
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: 9:45 A.M. |

---------------------------------X
:
In re                             : Chapter 11
                                  :
Our Lady of Mercy                 :
Medical Center, et al.,           : Case No. 07-10609 (REG)
                                  :
                                  : (Jointly Administered)
                                  :
            Debtors.              :
                                  :
---------------------------------X

**FOURTH AND FINAL APPLICATION
OF ALVAREZ & MARSAL HEALTHCARE INDUSTRY GROUP, LLC
FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>FOR THE PERIODS (i) JUNE 1, 2008 THROUGH DECEMBER 31, 2008 AND
(ii) MARCH 17, 2007 THROUGH DECEMBER 31, 2008</u>**

**TO: THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:**

Alvarez & Marsal Healthcare Industry Group, LLC ("A&M") as financial advisor for the Official Committee of Unsecured Creditors (the "Committee") hereby applies to the Court pursuant to 11 U.S.C. §§ 328 (a), and 330 for final allowance of compensation for professional services rendered and reimbursement of necessary expenses incurred by A&M during the period (i) from June 1, 2008 through and including December 31, 2008 and (ii) during the period March 17, 2007 through and including December 31, 2008 (the "Application"). In support of the Application, A&M respectfully represents as follows:

1

1. A&M submits this Application for final allowance of professional compensation in the total amount of $95,835.00 and reimbursement of expenses in the total amount of $307.94 for the period from June 1, 2008 through and including December 31, 2008 (the "Interim Application Period"). In addition, A&M seeks final allowance of fees in the amount of $776,858.75 and expenses in the amount of $1,175.06 which have been previously approved by the court on an interim basis (subject to a 10% hold back on fees) pursuant to A&M's prior interim fee applications covering the aggregate period March 17, 2007 through May 31, 2008 (the "Prior Application Periods") which prior fee applications are incorporated herein by reference. In support of this Application, and as described below, A&M submits chronological and detailed records of its time charges and a summary of disbursement charges (attached as <u>Exhibit A, Exhibit B, Exhibit C and Exhibit D</u>) for which A&M seeks allowance and payment for the Interim Application Period. This Application is A&M's fourth and final application for compensation and reimbursement of expenses in this case. A&M's first interim application for compensation and reimbursement of expenses reflected fees in the amount of $319,333.75 and expenses in the amount of $615.20. A&M's second interim application for compensation and reimbursement of expenses reflected fees in the amount of $222,880.00 and expenses in the amount of $309.55.

A&M's third interim application for compensation and reimbursement of expenses reflected fees in the amount of $234,645.00 and expenses in the amount of $250.31. By orders dated September 25, 2007, February 27, 2008, and July 31, 2008, respectively, A&M's expenses were allowed, on an interim basis, in full, and A&M's fees were allowed, on an interim basis, subject to a 10% holdback. A&M has been paid in accordance with the foregoing order. A&M's aggregate fees for the period March 17, 2007 through December 31, 2008 total $872,693.75 and A&M's aggregate expenses for the period March 17, 2007 through December 31, 2008 total $1,483.00.

  2. Pursuant to the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, A&M has previously served the following monthly statements of fees and expenses, with respect to fees and expenses for the Interim Application Period (i) monthly statement of fees and expenses covering the period June 1, 2008 through June 30, 2008 reflecting fees in the amount of $16,260.00 and expenses in the amount of $14.40; (ii) monthly statement of fees and expenses for the period covering July 1, 2008 through July 31, 2008 reflecting fees in the amount of $13,530.00 and expenses in the amount of $0.00; (iii) monthly statement of fees and expenses for the period covering August 1, 2008 through August 31, 2008 reflecting fees in the amount of

3

$5,445.00 and expenses in the amount of $0.00; (iv) monthly statement of fees and expenses for the period covering September 1, 2008 through September 30, 2008 reflecting fees in the amount of $23,092.50 and expenses in the amount of $0.00; (v) monthly statement of fees and expenses for the period covering October 1, 2008 through October 31, 2008 reflecting fees in the amount of $15,630.00 and expenses in the amount of $0.00; (vi) monthly statement of fees and expenses for the period of November 1, 2008 through November 30, 2008 reflecting fees in the amount of $14,407.50 and expenses in the amount of $0.00; and (vii) monthly statement of fees and expenses for the period of December 1, 2008 through December 31, 2008 reflecting fees in the amount of $7,470.00 and expenses in the amount of $293.54. Through the date hereof, A&M has received $715,583.33 in fees and $1,175.06 in expenses in respect of the statements for the period March 17, 2006 through May 31, 2008 and $59,166.00 in fees and $14.40 in expenses in respect of the statements for the period June 1, 2008 through December 31, 2008. A&M has been paid 80% of fees and 100% of expenses with respect to monthly statements of fees for June, July, August, September and October 2008. A&M has not been paid with respect to its monthly statements for November and December 2008. Total amount of unpaid fees and expenses through December 31, 2008 is $96,754.97.

**BACKGROUND**

1. On March 8, 2007 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). By order dated December 18, 2008, a plan (the "Plan") was confirmed for Our Lady of Mercy Medical Center ("OLM"). The Plan went effective on December 31, 2008. By order dated January 8, 2009, the case for O.L.M. Parking Corporation ("OLM Parking") was dismissed.

2. OLM was a not-for-profit, full service acute care teaching hospital located in Bronx, New York. Through OLM Parking, the Debtors operated and maintained a parking garage facility located across the street from the hospital.

3. On March 16, 2007, the United States Trustee, pursuant to Section 1102 of the Bankruptcy Code, appointed the Committee. The Committee is currently comprised of the following members: (i) Archdiocese of New York; (ii) 1199 SEIU United Health Care Workers East; (iii) AmerisourceBergen; (iv) Combined Coordinating Council, Inc.; (v) Health/ROI; (vi) Owens & Minor Medical, Inc.; (vii) Siemens Medical Solutions USA; and (viii) Maria Katechis.

4. On March 16, 2007, the Committee selected and retained A&M as its financial advisor. Thereafter, by order dated May

22, 2007, the Court approved the retention of A&M as financial advisor to the Committee, effective as of March 16, 2007.

5. A&M, together with its professional services affiliates that maintains offices in New York, NY, as well as numerous offices across the United States, North and South America, Europe and Asia, delivers a comprehensive suite of services across various industries. Services include: Turnaround Management Consulting, Crisis and Interim Management, Performance Improvement, Creditor Advisory, Financial Advisory, Dispute Analysis and Forensics, Real Estate Advisory, Tax Advisory, and Business Consulting Services.

## **THE APPLICATION**

6. This Application seeks final allowance and payment of fees for services rendered by A&M as financial advisor to the Committee, as well as reimbursement of actual, necessary expenses incurred by A&M in that capacity, during the Interim Application Period and the Prior Application Periods. A&M has not been paid, and has not received, any retainer, advance or other amount from any source on account of the representation of the Committee in this case except from the Debtors pursuant to A&M's monthly statements of fees and expenses and A&M's interim applications for compensation and reimbursement of expenses. In addition, A&M has no agreement or understanding with any other

entity concerning the fixing, payment or division of the requested compensation and expenses.

7. A&M seeks compensation for 202.75 hours of services performed by the A&M's professionals in advising the Committee in this case for the Interim Application Period. The names, hourly billing rates, and total hours and fees charged by A&M for each of the A&M professionals who performed services for the Committee during the Interim Application Period are summarized on Exhibit A.

8. A&M's attached detailed time records for the Interim Application Period are further contained in Exhibit B. The value of A&M's time charged for services performed has been organized by professional and date, and separate submatters have been assigned. A&M's time records for the Prior Application Periods were included in A&M Prior Interim Applications for compensation and reimbursement of expenses.

9. All services rendered by A&M personnel for the Committee during the Interim Application Period were performed in connection with the representation of the Committee in this chapter 11 case.

10. A&M also seeks reimbursement of expenses incurred in connection with advising the Committee for the Interim Application Period. A summary of all disbursements, divided by category and amount, is attached as Exhibit C. Disbursement

detail by professional and date is attached as <u>Exhibit D</u>. A&M's expenses for the Prior Application Periods were included in A&M Prior Interim Applications for compensation and reimbursement of expenses.

**SERVICES RENDERED**

11. During the Interim Application Period, A&M performed a wide variety of bankruptcy and related services for the Committee. A brief summary of the significant services performed by A&M during the Interim Application Period is provided below. As more fully set forth in A&M's detailed time records attached hereto, A&M reviewed motions filed in this case which were relevant to the scope of A&M's retention, conducted financial and operational analyses, communicated with the Debtors, Committee's counsel, Committee members and others regarding pending matters, reviewed and referenced the Debtors' Asset Purchase Agreement ("APA") with Montefiore Medical Center ("MMC"), monitored the APA sale transaction progress and the APA purchase price adjustments to assist Counsel to the Committee and the Committee in order to protect the interests of the Committee's constituents, continued active involvement in sale transaction transition planning activities and asset sales.

Asset Analysis and Recovery

12. During the Interim Application Period A&M performed services including, but not limited to:

- Evaluation and negotiation of components of purchase price adjustments;
- Evaluation of sale proceeds, claims and other 3rd party liabilities;
- Development of creditor recovery analyses;
- Evaluation of additional sources of recovery flowing ultimately to general unsecured creditors; and
- Strategy development related settlements of 3rd party liabilities

Asset Disposition

13. During the Interim Application Period A&M performed services including, but not limited to:

- Review and provide input to the Debtors regarding Seller and Purchaser undertakings in the APA;
- Monitoring transaction closing issues and timeline;
- Development of the Debtors' contract rejection strategy;
- Participation in agency selection process for collection of patient and other accounts receivable

9

not being sold under the Asset Purchase Agreement, tracking collection of patient and other accounts receivable and monitoring collection agency billing calculations;

- Assisted the Debtor in negotiations and settlement discussions with the Purchaser under the APA and other inter-party matters, and

- Evaluation of a wind-down task list and process and monitoring of the wind-down process and cost including Debtor staffing requirements and planning after the Asset Purchase Agreement Closing.

Business Operations, Data and Financial Analysis

14. During the Interim Application Period A&M performed services including, but not limited to:

- Review of operations and capital expenditures through the Closing under the APA;

- Review of historical financial statements, historical and prospective cash flows, etc.;

- Daily analysis of census through the Closing under the APA and cash flow; and

- Weekly monitoring of cash collections and disbursements

Plan of Reorganization and Disclosure Statement

15. During the Interim Application Period A&M assisted Counsel to the Committee with analysis relating to the Plan and the related disclosure statement.

Case Administration and Other Matters

16. During the Interim Application Period A&M performed services including, but not limited to:

- Record detailed time records of activities performed;
- Preparation and circulation of monthly statements for fees and expenses covering June 1, 2008 through October 31, 2008; and
- Preparation of A&M's third interim fee application

Communications with the Committee

17. Throughout the Interim Application Period, A&M communicated with the Committee through numerous conference calls and e-mails, distributed written updates of the Debtors' financial and operational performance, and prepared reports and recommendations on issues which required the Committee to take a position.

**PROPRIETY OF COMPENSATION SOUGHT**

18. The Bankruptcy Court is authorized, pursuant to Section 330 of the Bankruptcy Code, to award fees for services rendered and expenses incurred by professional persons representing debtors or official committees.

19. Under section 330(a)(3) of the Bankruptcy Code, in determining the amount of reasonable compensation to be awarded, the Court considers the nature, the extent, and the value of the services, taking into account all relevant factors, including: (A) the time spent on the services; (B) the rates charged for the services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, the bankruptcy case; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than bankruptcy cases. 11 U.S.C. § 330(a)(3).

20. The services rendered by A&M to the Committee during the Interim Application Period, as described in the Application

and in A&M's time records which are attached as <u>Exhibit B</u> (and summarized in <u>Exhibit A</u>), meet or exceed the standards set forth in section 330 of the Bankruptcy Code for determining the propriety of professional fees sought from the estates.

### **NECESSARY EXPENSES INCURRED IN THESE CASES**

21. Section 330(a)(1)(B) of the Bankruptcy Code allows the Court to reimburse A&M for the "actual, necessary expenses" incurred in these cases. 11 U.S.C. § 330(a)(1)(B). In the course of its representation of the Committee during the Interim Application Period, A&M has incurred expenses. A detailed list of those expenses is included in <u>Exhibit D</u> (and summarized in <u>Exhibit C</u>)

22. A&M has advanced all of the expenses sought herein before seeking reimbursement. A&M includes in this Application only those items of expense that it normally charges its clients, in addition to its normal fees, which are not otherwise absorbed in A&M's overhead.

23. <u>Telephone, wireless charges & miscellaneous.</u> A&M seeks reimbursement of telephone/wireless charges totaling $70.95 and miscellaneous charges totaling $58.22.

24. <u>Transportation and Travel.</u> A&M seeks local travel expenses in the amount of $40.10.

25. <u>Food.</u> A&M seeks meal expenses in the amount of $138.67.

## **CONCLUSION**

A&M respectfully submits that A&M's request for final compensation for the Interim Application Period in the sum of $95,835.00 constitutes a fair and reasonable request for the quality and nature of the services performed. A&M further submits that its request for reimbursement of out-of-pocket expenses for the Interim Application Period in the amount of $307.34 is fair and reasonable and that such sums were necessarily expended by A&M in the performance of its responsibilities.

In addition, A&M submits that its fees for the Prior Application Periods in the amount of $776,046.25 are fair and reasonable and its expenses for the Prior Application Periods in the amount of $1,175.06 are fair and reasonable and were necessarily expended by A&M in the performance of its responsibilities.

WHEREFORE, for all of the foregoing reasons, pursuant to § 330 of the Bankruptcy Code, A&M respectfully requests that this Court enter an order: (a) awarding A&M final allowance of compensation in the amount of $95,835.00 and final reimbursement of out-of-pocket expenses in the amount $307.94 for the Interim Application Period and directing payment of the foregoing sums to the extent not previously paid, (b) approving on a final basis A&M's fees from the Prior Application Periods in the aggregate amount of $776,858.75 and A&M's expenses from the Prior Application Periods in the amount of $1,175.06 and directing the payment of the 10% holdback on fees from the Prior Application Period in the aggregate amount of $77,604.63 and (c) granting A&M such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 13, 2009

By: _____
Ronald M. Winters
Managing Director
ALVAREZ & MARSAL HEALTHCARE
INDUSTRY GROUP, LLC
600 Lexington Ave.
New York, NY 10022
(212) 759-4433

Advisor for the Official
Committee of Unsecured
Creditors